PLEATERS, STITCHERS & EMBROIDERERS ASSOCIATION, INC., Plaintiff, *v.* JAFFE PLEATING Co., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District,
May 15, 1941

*Louis H. Steinberg* [*Morton Peyser, Francis L. Valente* and *Harold S. Budner* of counsel], for the plaintiff.

*Solomon S. Friedman* [*Philip R. Wagenheim* and *Hyman M. Chapnick* of counsel], for the defendant.

GENUNG, J. The action is brought by a membership corporation against one of its members to recover a fine in the sum of $500. Both plaintiff and defendant move for summary judgment.

The defendant was fined for selling its services at a lesser price than that stipulated in a " Basic Minimum Cost Schedule " theretofore promulgated by the plaintiff association.

The defendant alleges that the plaintiff's plan and its enforcement contravene section 340 of the General Business Law  Section 340 declares illegal and vo'd any contract, arrangement or combination which restrains or prevents free activity in determining the price of any article or service.

The court is of the opinion that the defense of illegality has been established and the defendant's motion for summary judgment should prevail.

The plaintiff seeks to avoid the charge of illegality by asserting that the validity of its plan was sustained in *New York Clothing Manufacturers Exchange, Inc.*, v. *Textile Finishers Assn., Inc.* (238 App. Div. 444 [June, 1933]). The court there concluded that the plan under review was valid, since section 340 of the General Business Law, as it then read, did not apply to service industries. However, the Legislature abrogated the ruling of that case when it amended section 340 of the General Business Law by including the word "service," thereby extending the provisions of the section to service industries. (Laws of 1933, chap. 804, in effect Aug. 26, 1933.)

It is not disputed that the industry in the case at bar is one that renders a service within the meaning of section 340 of the General Business Law.

The court is of the opinion that the enforcement of the "Basic Minimum Cost Schedule" restrains and interferes with the free activity in determining the price of the services furnished by the plaintiff's members. (*Photo-Engravers Board of Trade* v. *Addison*, 145 Misc. 479; affd., 239 App. Div. 827.)

The motion by plaintiff for summary judgment is denied, and the motion by defendant for summary judgment is granted.